IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUSTIN MARTIN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:24cv1067 |
| | ) | **Electronic Filing** |
| **RAVINDER SINGH** and **WHITE HAWK** | ) | |
| **TRUCKING LLC,** | ) | |
| | ) | |
| Defendants/ | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **OTABEK MURATOV** and **AD EXPRESS** | ) | |
| **TRUCKING LLC,** | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

AND NOW, this 10th day of August, 2026, upon due consideration of defendants' motions to compel compliance with subpoena *deuces tecum* issued to Lions Express, Polet Transportation, Zam Transportation and JW Trucking, IT IS ORDERED that [43], [44], [45] and [46] the motions be, and the same hereby are, denied without prejudice to refile in the appropriate districts where the defendants are located and the discovery material is to be produced.

The issuance of a subpoena *deuces tecum* must comply with the requirements of Rules 34 and 45.  In this regard, Rule 45 provides that a subpoena shall issue from the court for the district in which the deposition is to be taken, or in which the records are to be produced or in which the inspection is to be made.  Fed. R. Civ. P. 45(a)(2).  The issuing court may or may not be the court where the action is pending.  So, if the action is pending in a federal court in Pennsylvania and the production of documents and information is to occur in New Jersey, then the subpoena

must issue from the appropriate district court of New Jersey, even though the case is pending in Pennsylvania.  See Highland Tank & Mfg. Co. v. PS Intern., Inc., 227 F.R.D. 374, 380-81 (W.D. Pa. 2005) (citing Productos Mistolin, S.A., 141 F.R.D. at 229; Anderson v. Government of Virgin Islands, 180 F.R.D. 284, 289 (D. Virgin Island 1998); Lieberman v. American Dietetic Ass'n, 1995 WL 250414, *1 (N.D. Ill., 1995)).

More specifically, a "district court cannot issue a subpoena ... to a non-party for the production of documents located in another district."  Id. (quoting Anderson, 180 F.R.D. at 289; and citing Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc., 2 F.3d 1397, 1406 (5th Cir.1993), cert. denied, 510 U.S. 1073 (1994)).  In other words, a nonparty can only be compelled by an issuing court to produce documents within "certain geographic limitations, usually no more than 100 miles from the nonparty's location."  Anderson, 180 F.R.D. at 289. Furthermore, any controversies regarding the production of documents from nonparties are to be decided in the court which issues the subpoena, unless the nonparty consents to determination elsewhere.  Fincher v. Keller Industries, Inc., 129 F.R.D. 123, 125 (M.D. N.C.1990).

Here, defendants have not demonstrated that the prerequisites needed for this court to enforce the subpoenas have been satisfied.  The subpoenas were served in Fairfield, New Jersey; Newark, New Jersey; Columbus, New Jersey; and East Stroudsburg, Pennsylvania.  No other information is provided about these non-party entities - such as where the documents sought are located and/or where the non-parties are subject to the court's authority pursuant to Rule 45. Consequently, this court cannot determine whether it has jurisdiction to enforce the subpoenas and they are being denied without prejudice to pursue appropriate relief in the district courts that

have jurisdiction over the entities (and location of documents) and possess the authority to enforce the subpoenas.[1]

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:  Kevin Clancy Boylan, Esquire
Evan John Lingafelt, Esquire
Jeffrey A. Ramaley, Esquire
Zachary G. Evans, Esquire
Benjamin Sorisio, Esquire

(*Via CM/ECF Electronic Mail*)

---

[1] Pursuant to Rule 45(a)(3), an attorney need not be a member of the bar of the district court issuing the subpoena to the non-party so long as the attorney is authorized to practice law before the district court in which the underlying action is pending.  See Anderson, 180 F.R.D. at 289.